IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH M. CASERTA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEICO GENERAL INSURANCE | : | |
| COMPANY | : | NO. 11-3537 |

MEMORANDUM

McLaughlin, J.                                         September 29, 2011

This case arises from a hit-and-run accident involving the plaintiff and her boyfriend, Edward Carcarey. The plaintiff filed this suit against GEICO for breach of contract and bad faith following the defendant's denial of her claim under a GEICO insurance policy held by Suzanne Carcarey, Edward Carcarey's mother.

The defendant moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) arguing that the plaintiff is not covered by Suzanne Carcarey's insurance policy. The Court will grant this motion.

I.   Facts as Alleged in the Complaint

On the night of September 21, 2007, the plaintiff and her boyfriend Edward Carcarey were walking along the shoulder of Route 422 in Lower Pottsgrove, Pennsylvania when an unidentified car struck them both. The impact propelled Carcarey into the air. He was thrown into a gully where he died as a result of his

1

injuries.  The plaintiff suffered minor physical injuries, for which she was treated at a local hospital that night, as well as emotional distress.  The unidentified motorist fled the scene.  Compl. ¶¶ 10-14.

At the time of the accident, Suzanne Carcarey held an insurance policy issued by the defendant that covered four vehicles and provided uninsured motorist coverage for each vehicle.  Edward Carcarey was insured under his mother's policy.[1]  Id. ¶¶ 19-24.  The plaintiff provided notice to the defendant of her claim under Suzanne Carcarey's policy and the defendant has refused to pay.  Id. ¶¶ 28-29.

---

[1] In evaluating this motion, the Court must accept all well-pleaded facts as true.  For the purpose of this motion, the Court accepts that Edward Carcarey is covered by the defendant's insurance policy.  This issue is in dispute in the companion case of Carcarey v. GEICO, No. 10-3155.

II. <u>Analysis</u>[2]

    The defendant filed this motion for judgment on the pleadings on the grounds that the plaintiff is not covered by Suzanne Carcarey's insurance policy.

    The relevant portion of the policy is Amended Section IV, Uninsured Motorists Coverage. For the purpose of this section, the policy defines "insured" as follows:

> 2. "Insured" means:
>    a) you;
>    b) a household member;
>    c) any other person while occupying an owned auto;
>    d) any person who is entitled to recover damages because of bodily injury sustained by an insured under a), b), and c) above.

    The parties agree that the plaintiff is not eligible under sections (a), (b), or (c).[3] Rather, the plaintiff contends

---

[2] When evaluating a motion for judgment under Rule 12(c), a court must accept the facts alleged in the pleadings and view any inferences to be drawn in the light most favorable to the plaintiff. <u>Mele v. Fed. Reserve Bank</u>, 359 F.3d 251, 253 (3d Cir. 2004). The motion should be granted only if there is no material issue of fact to resolve. As with a motion to dismiss under Rule 12(b)(6), the court must determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged, but it has not shown, that the pleader is entitled to relief. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2008).

[3] In her surreply to the defendant's motion, the plaintiff argues for the first time that because at the time of the accident she was recently an occupant of a covered vehicle, any coverage under IV(2)(c) should continue. Pl. Sur-reply 4-5. The plaintiff offers no Pennsylvania case law to support this reading of the policy in contravention of its clear language that the policy covers persons "while occupying" a covered vehicle.

that she is entitled to benefits under section (d).[4]  The plaintiff argues that she is entitled to recover for physical injuries and emotional distress suffered on the night of the accident because of bodily injury sustained by Carcarey, an insured under section (b).

The plaintiff makes two arguments to support her theory of recovery.  First, because the defendant stands in the shoes of the uninsured (and unknown) driver, the plaintiff should recover from the defendant whatever she could recover from the hit-and-run driver.  This includes damages for physical injury as well as emotional distress caused by witnessing Carcarey's death.  Second, the plaintiff argues that she can recover under a bystander theory of negligent infliction of emotional distress.  In addition, the plaintiff argues that the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. § 1731, supports a broad application of coverage.

The language of the contract is clear.  The plaintiff can only recover for damages suffered "because of bodily injury sustained by an insured."  This coverage typically extends to "persons who pay the medical bills of an injured person, or suffer damages that result for a wrongful death."  1 Alan I. Widliss & Jeffrey E. Thomas, Uninsured and Underinsured Motorist Insurance § 6.1 (3d ed. rev. 2005).  Pennsylvania courts usually

---

[4] The parties refer to section (d) as a "Class Three" or "Class C" insured.  See Utica Mut. Ins. Co. v. Contrisciane, 473 A.2d 1005, 1010 (Pa. 1984).

4

use loss of consortium as an example of this type of coverage. See, e.g., Jeffrey v. Erie Ins. Exchange, 621 A.2d 635, 644 (Pa. 1993).

The plaintiff has not suffered damages because of the bodily injury sustained by Carcarey. She incurred harm at the same time that Carcarey was injured. But her injuries cannot be causally traced to Carcarey's injuries as are medical expenses and loss of consortium. Under the plaintiff's theory, any witness to a vehicle accident would be "insured" by similar policy language. There is no authority to support this interpretation of the policy.[5]

The plaintiff also asserts a theory of recovery based on negligent infliction of emotional distress ("NIED"). The Court assumes without deciding that if the plaintiff could make out a claim for bystander liability against the driver, she could

---

[5]  The cases cited by the plaintiff all support recovery for emotional distress when the victim suffered a physical impact along with emotional distress. In all of those cases, unlike the plaintiff's, the suit was brought against the actor who caused the accident. See Shumosky v. Lutheran Welfare Servs., 784 A.2d 196 (Pa. 2001) (plaintiff permitted to pursue recovery from defendant based on physical injury caused by a needle stick which had been used on a patient infected with AIDS); Botek v. Mine Safety Appliance Corp., 611 A.2d 1174 (Pa. 1992) (plaintiff permitted to recover because he suffered a physical injury from defendant's negligently prepared air pack); Stoddard v. Davison, 513 A.2d 419 (Pa. 1986) (plaintiff permitted to recover from defendant who left corpse of victim in street because hitting the corpse caused the plaintiff physical jostling); Tomikel v. Dep't of Transp., 658 A.2d 861 (Pa. Commw. Ct. 1995) (plaintiff permitted to recover because she was a victim of the defendant's negligence when she was physically impacted by the defendant's vehicle hitting her own).

5

recover under the insurance policy, as both parties accept this theory.

In Pennsylvania, NIED bystander liability is governed by <u>Sinn v. Burd</u>, 404 A.2d 672 (Pa. 1979). In that case, the Pennsylvania Supreme Court listed three factors that should be considered before allowing recovery by a bystander who witnesses injury to another: First, whether the plaintiff was located near the scene of the accident; second, whether the shock experienced from the accident occurred as a result of the sensory and contemporaneous observance of the accident; and third, whether the plaintiff and victim were closely related. <u>Id.</u> at 685.

Only the third factor is at issue here. Courts in Pennsylvania have been hesitant to expand the scope of liability. In Pennsylvania, close relationships have not been defined to include those between boyfriends and girlfriends. In <u>Blanyar</u>, the Pennsylvania Superior Court declined to expand liability to the cousin relationship. The court explained that "because of the important and far reaching public policy concerns involved, any further extension of recovery for the tort of negligent infliction of emotional distress should come from our Supreme Court." <u>Blanyar v. Pagnotti Enters., Inc.</u>, 679 A.2d 760, 793 (Pa. Super. Ct. 1996). Some Pennsylvania courts have permitted limited expansion of the definition to those most like the immediate family members identified in <u>Sinn</u>, such as a fiancee. <u>Black v. Wehrer</u>, 23 Pa. D. & C.4th 313 (Pa. Ct. Com. Pl. 1995). In <u>Kratzer</u>, the court allowed a foster parent to pursue a claim.

6

Kratzer v. Unger, 17 Pa. D. & C.2d 771 (Pa. Ct. Com. Pl. 1981). No court, however, has expanded the definition to include boyfriends or girlfriends.

The plaintiff and Carcarey enjoyed a close and intimate relationship. They lived and worked together. Based on governing Pennsylvania law, however, the plaintiff is not a "close relative" of Carcarey and does not meet the Sinn test for bystander liability.

Finally, the MFVRL does not provide support for the plaintiff's theory of recovery. Section 1731 requires motor vehicle insurance policies to include uninsured and underinsured motorist coverage unless explicitly rejected by the policyholder. The plaintiff cites three cases for the proposition that courts should liberally construe the uninsured motorist law towards the presumption of coverage. In all three, the holder of the insurance policy disputed a denial of coverage.[6] This is not the case here. Moreover, construing the statute liberally does not require disregarding a plain reading of the policy to extend coverage here.

An order shall issue separately.

---

[6] See Byers v. Amerisure Ins. Co., 745 F. Supp 1073, 1078 (E.D. Pa. 1990); Nationwide Mutual Ins. Co. v. Swisher, 731 F. Supp. 691 (E.D. Pa. 1989) (interpretation superceded by statute); Boyle v. State Farm Mut. Aut. Ins. Co., 456 A.2d 156, 162 (Pa. Super. Ct. 1983).